John S. EDMONS

v.

Lynn Ann BISBANO-EDMONS.

No. 89-580-Appeal.

Supreme Court of Rhode Island.

April 26, 1991.

James J. Lepore, Providence, for plaintiff.

Joseph A. Sciacca, Palombo & Piccirilli, Cranston, for defendant.

## OPINION

KELLEHER, Justice.

This matter has its inception in a divorce action filed by the petitioner, John S. Edmons. After a hearing, a temporary order for support payments (order) was entered in favor of the respondent, Lynn Ann Bisbano–Edmons. Subsequently a decision pending entry of final judgment (decision) was entered by a Family Court justice on June 29, 1988. Both parties appealed the decision. Hereafter we shall refer to the parties by their first names.

While the appeal was pending, John filed a motion to modify the order, which remained in effect while the appeal from the decision was pending. Lynn, on the other hand, filed a motion to adjudge John in contempt of the order.

With respect to the appeals, we denied and dismissed both cross-appeals and affirmed the decision pending entry of final judgment. Final judgment was then entered on November 21, 1989. With respect to the two motions, they were argued before Justice John E. Fuyat (Justice Fuyat) on two separate occasions. John argued that the motion to modify the order rested upon a substantial change in circumstances that had occurred in his business. After hearing testimony, Justice Fuyat appointed a commissioner to investigate and report on the financial status of John's business. Prior to ruling on the two motions, however, Justice Fuyat resigned his position on the Family Court.

The matters were reassigned to Master John J. O'Brien, Jr. (trial justice). It was then that the parties were given a choice: either reargue the motions *de novo* or, in the alternative, rely on the transcripts of the prior proceedings and present oral arguments. Both parties agreed to the second option.

On November 7, 1989, the trial justice reviewed the transcripts of the prior proceedings, the commissioner's report, and he heard the oral arguments presented by both parties. The trial justice found no change in circumstances that would give rise to a modification of the underlying order. The trial justice therefore refused to grant John's motion to modify the order. It is this determination that John appeals to this court.

John raises three issues on appeal. First, John alleges that the trial court erred in determining that he failed to meet his burden of proof requiring him to show that a significant change in circumstances had occurred. Second, John alleges that the trial justice misconceived or overlooked material evidence. Third, John alleges that the choices presented to him as a result of Justice Fuyat's resignation were severely prejudicial to him. We shall now address these three contentions.

■ Initially, John believes that he did meet the burden of proof requiring the showing of a significant change in circumstances. At the time of the divorce, John was virtually the sole shareholder and president of the Nella Corporations. The order obligated John to pay the mortgage, taxes,

and utilities on the marital domicile, which Lynn continued to occupy. In addition John was required to pay all Lynn's car expenses. Finally John was obliged to give Lynn $300 per week, the amount that she had been receiving as an employee of the Nella Corporations.

John argued that the Nella Corporations were experiencing financial difficulties. John testified that he had reduced his salary and that he had cut back on his business expenses. In short, John testified, his business's fiscal woes directly affected his personal finances. As noted earlier, Justice Fuyat had appointed a commissioner to review the financial status of the Nella Corporations to determine whether a substantial change in circumstances existed. Therefore, when Justice Fuyat resigned, the trial justice had before him the transcript of the two hearings before Justice Fuyat, the commissioner's report, as well as oral testimony by both parties. Ultimately the trial justice believed that John had failed to show a substantial change in circumstances.

■ In reviewing our earlier decisions, we note that a petitioner seeking modification of an order must prove by a preponderance of the evidence that a substantial change in circumstances has occurred since entry of the order, *Ramsbottom v. Ramsbottom*, 542 A.2d 1098, 1100 (R.I.1988), and in reviewing the order of a trial justice, we shall not disturb the order unless the findings upon which it is based are clearly wrong. *Bocchino v. Bocchino*, 464 A.2d 715, 718 (R.I.1983).

In examining the facts of this controversy in light of the standards just discussed, we believe the trial justice committed no error in determining that there was no significant change in John's circumstances. One factor in support of this determination is John's failure to address his own financial status separate from the financial status of the Nella Corporations. In addition John testified that he continued to have a 1987 Jaguar at his disposal, as well as a second automobile. John testified that all expenses relating to his automobiles were paid by the Nella Corporations, and he continued to possess corporate credit cards such as Diner's Club and American Express.

As no evidence was introduced to show a change in John's lifestyle, we believe the trial justice was not clearly wrong. *See Bocchino*, 464 A.2d at 718. Consequently we reject John's claim that the trial justice erred in determining that John had failed to satisfy his burden of proof requiring him to show that a significant change in circumstances had occurred.

■ Moving on, we now address John's second claim of error, namely, that the trial justice misconceived or overlooked material evidence presented by John. In particular, John claims that the trial justice should have taken the commissioner's report into consideration in reaching a decision.

■ The rule we have adopted is that a trial justice's decision regarding modification of a support order is entitled to great weight. *Bocchino*, 464 A.2d at 718. A trial court's decision will not be disturbed unless there is a showing that it was based upon findings that are clearly wrong or unless the trial justice overlooked material evidence or misconceived the applicable law. *Id.*

In this controversy the trial justice first considered the commissioner's report prior to rejecting it. Therefore, it cannot be said that the trial justice overlooked the report. The trial justice found

"no merit, none whatever, to that document [the commissioner's report] which consists of some three or four pages. One [page] talks how he got into the case, and the last page contains his signature, and two pages in between basically nothing that the Court can rely on."

It is also significant that none of the records used by the commissioner in preparation of his report were introduced into evidence. More importantly, the certified public accountant who represented the Nella Corporations testified that he had not reviewed the figures prepared by the Nella Corporations' bookkeeper prior to these figures' being given to the commissioner.

We therefore believe that the trial justice did not err in choosing to reject the commissioner's report. He weighed the reports and found them to be irrelevant. We therefore refuse to disturb the determinations of the trial justice because we do not believe them to be clearly wrong.

John's third contention is that the options presented to him as a result of Justice Fuyat's resignation were prejudicial to John. As noted earlier, John's motion to modify was originally heard before Justice Fuyat but was never decided by Justice Fuyat. When the matter was thereafter assigned to the trial justice, the parties were given a choice: either to reargue the motion for consideration *de novo* by the trial justice or, in the alternative, to have the trial justice decide the motion based upon the transcripts of the testimony of the parties and the commissioner's report, supplemented by oral arguments. Both parties stipulated to the second alternative. As both parties agreed to the method employed by the trial justice, we find no error or prejudice to John.

As we also noted earlier, the decision of a trial justice will not be disturbed unless it is clearly wrong. *Bocchino,* 464 A.2d at 718. Here, we believe that ample evidence existed to support the trial justice's denial of John's motion to modify. As John earlier agreed to the trial justice's reviewing the transcripts and testimony rather than a hearing *de novo,* for us to allow John to come before us now and claim prejudicial error would be allowing John to "have his cake and eat it too." This we cannot condone.

The petitioner's appeal is denied and dismissed in this matter. The trial court's judgment is affirmed.